JOHN W. HALL *vs.* THE J. LACOURCIERE COMPANY ET AL. (THE J. LACOURCIERE COMPANY ET AL. APPEAL FROM COMPENSATION COMMISSIONER).

Third Judicial District, New Haven, June Term, 1918.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, JS.

Under our Workmen's Compensation Act, an employee is not to be deprived of his right to compensation merely because he, in concurrence with his employer, did not consider his injury of sufficient consequence at the time to require medical aid or attention; especially if there was nothing in his conduct to indicate a wilful or negligent disregard of his wound nor that his delay in seeking medical advice aggravated the injury.

Argued June 5th—decided July 23d, 1918.

APPEAL by the defendants from a finding and award of the Compensation Commissioner for the third district in favor of the plaintiff for $41.82, taken to and heard by the Superior Court in New Haven County, *Case, J.*, which affirmed the order of the Commissioner, and from this judgment the defendants appealed. *No error.*

*Seymour C. Loomis*, for the appellants (defendants).

*Oswin H. D. Fowler*, for the appellee (plaintiff).

(1)

SHUMWAY, J. The Compensation Commissioner, in a memorandum filed with the award, correctly says that the only question in the case as to which any doubt can be entertained, is whether the plaintiff so far neglected his injury as to affect his claim for compensation. He has found these facts.

At the time the plaintiff received his injury he reported it to the representative of his employer, and the representative concurred in the view that it did not call for medical attention. The plaintiff was injured on the 4th of June, 1917, and he continued to work until the afternoon of June 8th, when he quit work on account of the injury. On the latter day he had a talk with his employer's representative, and he advised the plaintiff to go to any physician he desired to consult, as the employer was insured. The plaintiff did not think it was necessary to consult a physician, and so stated at the time, but thereafter he had home treatment by a practical nurse. The plaintiff's injury was caused by a blow upon the leg which broke the skin, and was followed by infection as a result. At the time of the last conversation with the employer's representative, the leg was swollen and inflamed. The condition of the leg improved, and he returned to his work, and remained working from June 19th to June 23d. On June 25th he tried to work but could not, and on that day he went, in company with his employer's representative, to the office of a physician. It did not appear that his condition or his injury was in any way affected by the delay in seeking medical attention, nor that any prejudice resulted from the delay.

Upon these facts the Commissioner properly held that the plaintiff's injury arose out of and in the course of his employment. It appeared to the employer and plaintiff that the injury did not require

medical aid or attention. Certainly there does not appear to be anything in the conduct of the plaintiff to indicate that he wilfully or negligently failed to care for his wound, and to give it such attention and treatment as it seemed to require. After the event it may seem that it would have been more prudent to have sought a physician's aid sooner, but that does not deprive the plaintiff of his right to compensation, as his disability was the direct result of the injury, and was not in any way heightened or aggravated by wilful misconduct. At the most, under the finding, the plaintiff erred in judgment in not properly appreciating the danger of infection in an open wound.

There is no error.

In this opinion the other judges concurred.